## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PHYLLIS LEE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:14-cv-01204-RDP** |
| | } | |
| **NINA MORGAN, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Motions to Dismiss filed by: (1) the Honorable Hoyt Elliot, Circuit Judge for the Fourteenth Judicial Circuit of Alabama (Doc. # 17), (2) Attorney Peter M. Wright (Doc. # 20), (3) Nina Perry Morgan and William A. Morgan, Plaintiff's sister and brother-in-law (Doc. # 22), and (4) Attorney Joe Hudson (Doc. # 26).   Plaintiff has responded to the Motions.  (Docs. # 28-31, and 37).

This case was filed on June 24, 2014.  (Doc. # 1).   On June 27, 2014, the court ordered Plaintiff to amend her Complaint to more precisely state her claims.  (Doc. # 3).  On July 31, 2014, Plaintiff filed an Amended Complaint.  (Doc. # 4).  Despite the court's instruction that Plaintiff "set forth each claim separately, in a short, plain statement, referencing the statute or law under which each separate claim is brought, the factual basis for such claim, and the relief sought under each separate claim" (Doc. # 3), the Amended Complaint, at best, is unclear as to the claims Plaintiff is asserting as well as their viability.

## I.      Background

As best the court can tell, Plaintiff's Amended Complaint contains the following claims:

1.     Assault and Battery and Tort of Outrage based on conduct occurring in 2002. (Doc. # 4 at 2).

2.     Failure to Prosecute under color of law based on the 2002 Assault and Battery.  (Doc. # 4 at p.3).

3.     Removal of Plaintiff as her Mother's guardian in 2005.  (Doc. # 4 at 4).

4.     Invasion of Privacy based on entry into a camper.  (Doc. # 4 at 5).

5.     Deprivation of Due Process and Conversion of Property based on a civil action where land deeds from Plaintiff's incapacitated mother to Plaintiff were voided.  (Doc. # 4 at 7).

6.     Deprivation of Property where Plaintiff attempted to tow a trailer she had not had possession of for years which was parked on a highway.  (Doc. # 4 at 10-11).

7.     Plaintiff's challenge to the legality of an appeal of a prior civil case to the Alabama Court of Civil Appeals.  (Doc. # 4 at 12-14).

8.     Removal of Plaintiff's mother from her home in 2005, a matter over which a prior civil action was filed in state court.  (Doc. # 4 at 15-16).

9.     Theft of Property in November 2012. (Doc. # 4 at 17).

10.    Plaintiff's (further) challenge to the legality of an appeal of a prior civil case, which voided land deeds to Plaintiff, to the Alabama Court of Civil Appeals.  (Doc. # 4 at 12-18).

11.    Illegal search and seizure and false imprisonment.  (Doc. # 4 at 21).

12.    A duplicative theft of property claim.  (Doc. # 4 at 24).

13.    A conversion of property and tort of outrage claim based on events occurring in 2010.

(Doc. # 4 at 26).

Defendants in this case are (1) Nina Morgan, Plaintiff's sister, and the conservator of the estate of Lillian Perry, Plaintiff's deceased mother; (2) William A. Morgan, Nina's husband and Plaintiff's brother in law; (3) Attorney Joe Hudson, who at one point was the conservator of

2

Lillian Perry, Plaintiff's deceased mother, (4) Attorney Peter M. Wright, who represented Nina Morgan in certain litigation related to Plaintiff's parents' estates,  (5) The Honorable Hoyt Elliot, Circuit Judge for the Fourteenth Judicial Circuit of Alabama, who presided over much of the litigation related to Plaintiff's parents' estates, and (6) Charles Edward Perry, Plaintiff's brother. (Doc. # 4).   There has been much prior state court litigation in Walker County, Alabama, involving the parties to this case, including:

- *Nina Morgan, et al. vs. Phyllis Lee*, CV-2006-380 (claims against Phyllis for ouster of cotenants and waste of real property);

- *Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, CV-2006-900021 (a claim to set aside certain deeds purportedly executed by Mrs. Perry to Phyllis);

- *Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, CV-2007-32 (claims to recover certain account funds purportedly titled jointly between Mrs. Perry and Phyllis, including collection of the judgment for money damages entered against Phyllis in said action);

- *Nina Morgan Perry, et al., vs. Phyllis Lee*, CV2010-900033 (a sale for division action concerning the Estates' real property);

- *In re the Estate of Hubert Perry, deceased*, Probate Court Case No. PC-2010-057, later removed to Circuit Court at CV-2011-900429 (administration of Mr. Perry's Estate, including certain claims against Phyllis for recovery of Estate assets); and

- *In re the Estate of Dorothy Lillian Perry, deceased*, Probate Court Case No. PC-2013-253, later removed to Circuit Court at CV-2014-900480 (administration of Mrs. Perry's Estate).

Most notably, on July 10, 2012, in *Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, CV-2007-32, Judge Elliott found that, just days before Plaintiff's and Nina's father died, Plaintiff used her power of attorney from her mother to place her name on accounts owned by her mother and father, and that she then subsequently deposited the funds into her own account(s).  (*Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, Walker County Circuit

3

Court Case No. CV-2007-32, Doc. # 48).   A few months later, the power of attorney was revoked by the Walker County Circuit Court.  (*Id.*).  In light of this finding, Judge Elliott entered a final partial summary judgment against Plaintiff and in favor of Nina Morgan, as Conservator, in the amount of $163,831.40.  (*Id*). After entry of the July 10, 2012 Judgment, Nina Perry, as conservator, began attempts to execute on the Judgment against Plaintiff.  (*See generally, Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, Walker County Circuit Court Case No. CV-2007-32).  On February 23, 2015, Plaintiff filed a Suggestion of Bankruptcy related to that case.  (Case No. CV-2007-32, Doc. # 106).

## II.    Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

To survive Defendants' motion, the allegations of the Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*

## III.   Discussion

Plaintiff's claims in this case are due to be dismissed for at least three reasons.  First, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine.  Second, it is obvious from her own pleadings that many of Plaintiffs' claims are barred by the applicable statutes of limitations. Finally, despite being given the opportunity to amend her Complaint, Plaintiff has failed to satisfy applicable pleading standards.  (Doc. # 4).  In addition, the claims against Judge Hoyt are due to be dismissed for an additional reason — he is entitled to invoke the doctrine of judicial immunity.  The court addresses each of these reasons, in turn.

### A.   Plaintiff's Claims are Barred Under the *Rooker–Feldman* Doctrine

A federal court has no jurisdiction or right to grant relief under § 1983 with respect to challenges to state court decisions, in particular cases arising out of state judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir.1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir.1986); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The *Rooker–Feldman* doctrine precludes "lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Brown v. R.J. Reynolds Tobacco Co*., 611 F.3d 1324, 1330 (11th Cir.2010) (citations and internal quotation marks omitted); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir.2009) ("Generally speaking, the *Rooker–Feldman* doctrine bars federal district courts from reviewing state court decisions."). "This is

5

because appellate authority over final state-court decisions rests with the Supreme Court of the United States." *Carter v. Killingsworth*, 540 Fed.Appx. 912, 914 (11th Cir. Sept. 6, 2013). Simply put, "[t]he doctrine bars the losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown*, 611 F.3d at 1330 (citation and internal quotation marks omitted).

The Eleventh Circuit has utilized a four-factor test to determine whether federal jurisdiction is barred under *Rooker–Feldman* principles where: "(1) the party in federal court is the same as the party in state court;" "(2) the prior state court ruling was a final or conclusive judgment on the merits;" "(3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding;" and "(4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Nicholson*, 558 F.3d at 1272 (citations omitted).

"This case calls for a paradigmatic application of the *Rooker–Feldman* doctrine." *McCorvey v. Weaver*, 2014 WL 5392083 * 4 (S.D. Ala. 2014).   Plaintiff's Amended Complaint leaves no doubt that Plaintiff is effectively asking this court to act as a *de facto* appellate court. It also asks this court to review and reverse Judge Elliott's (and other judges') rulings in the various Walker County cases, including the judgment entered in the amount of $163,831.40 against Plaintiff and in favor of Nina Morgan.  (*Nina Morgan, Conservator for Lillian Perry v. Phyllis Lee*, Walker County Circuit Court Case No. CV-2007-32, Doc. # 48). The claims asserted by Plaintiff in this case present precisely the type of jurisdictional overreach that *Rooker–Feldman* principles forbid.

6

Here, Plaintiff was a party to all of the Walker County litigation. Judge Elliott's judgment, and the other judgments in the Walker County cases, are plainly final or conclusive judgments on the merits. Particularly noteworthy on this issue is the fact that Plaintiff specifically moved this court to set aside a "Judgment and Writ of Execution" on her home entered by the state court. In fact, she references the pending state court proceedings regarding that matter in that motion, which this court denied. (Docs. # 7 and 8). Plaintiff had ample opportunity to raise any claims or issues (federal or state) she wished to assert in the Walker County cases at any time during the pendency of those actions. She has not identified any impediment to her ability to raise any such claims in those state proceedings.

"*Rooker–Feldman* is a narrow doctrine, but this case is a textbook example of the kind of circumstance it was designed to cover. [Plaintiff] is a state-court loser who claims to have been injured by the manner in which the state-court judgment[s were] reached prior to the commencement of these proceedings, and who now wants this court to review and reject the state court's judgment[s] concerning ownership of the subject real [and personal] property. The *Rooker–Feldman* doctrine deprives this court of jurisdiction to do so." *McCorvey*, 2014 WL 5392083 at * 4 (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("A claim is inextricably intertwined if it would effectively nullify the state court judgment ....")).

All of Plaintiff's claims are inextricably intertwined with the previous litigation between the parties and the judicial determinations made in those cases regarding the parties' respective rights. Plaintiff's Amended Complaint makes it clear that she is unhappy with the results of the myriad of state court cases involving the parties to the case. This conclusion is only reinforced by the fact that she has sued Judge Hoyt in connection with the case(s) over which he presided,

as well as opposing counsel in those cases.  The *Rooker–Feldman* doctrine deprives this court of jurisdiction to hear these grievances.

### B.      The Claims Against Judge Elliott are Barred by Judicial Immunity

Judge Elliot argues that Plaintiff's Amended Complaint should be dismissed against him because he is entitled to judicial immunity.  (Doc. # 17).  Judicial immunity defeats a § 1983 claim for money damages brought against a state court judge in either his official or individual capacity. *Sibley v. Lando*, 437 F.3d 1067, 1074) (11th Cir. 2005) (citing *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)).  The policy behind immunity does not merely extend to suits, it also extends to protection against discovery and the requirement to defend against a suit.  *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

In applying the test for judicial immunity, "the first question is whether the judge dealt with the plaintiff in his judicial capacity." *William B. Cashion Nevada Spendthrift Trust v. Vance*, 552 Fed.Appx. 884, 886 (11th Cir. 2014). "If he did act in his judicial capacity, then we ask whether the judge acted in the clear absence of all jurisdiction." *Id.* "If the judge acted in his judicial capacity, and if he did not act in the clear absence of all jurisdiction, then he is entitled to judicial immunity, as a matter of law." *McCorvey*, 2014 WL 5392083 at * 2 (citing *Washington Mut. Bank v. Bush*, 220 Fed.Appx. 974, 975 (11th Cir. 2007) ("Judicial immunity applies when (1) the judge dealt with the plaintiff in his judicial capacity and (2) the judge did not act in the clear absence of all jurisdiction.") (citation and internal marks omitted)).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."

*Sibley*, 437 F.3d at 1070.  The Amended Complaint's allegations confirm that Judge Elliott's challenged actions and rulings were all taken in his judicial capacity.  Therefore, he is entitled to judicial immunity unless he acted in the clear absence of all jurisdiction. To be clear, "[j]udges do not lose their judicial immunity even if they act in absence of jurisdiction as long as they do not have knowledge that they lack jurisdiction or act in the face of clearly valid statutes or case law expressly depriving them of jurisdiction." *Franklin v. Arbor Station, LLC*, 549 Fed.Appx. 831, 834 (11th Cir. 2013) (citation and internal marks omitted).  There are absolutely no facts alleged in the Amended Complaint which show that Judge Elliott acted in the clear absence of all jurisdiction. Indeed, the very allegations of Plaintiff's pleading indicate that Judge Elliott acted well within his jurisdiction.  Therefore, this court concludes that the doctrine of judicial immunity applies to bar Plaintiff's claims against Judge Elliott here.

### C.    Most of Plaintiff's Claims are Barred by Applicable Statutes of Limitations

Most of Plaintiff's claims have not only been litigated before, but they also appear to be based on conduct clearly outside the applicable statutes of limitations (*e.g.*, the Amended Complaint asserts claims based on conduct occurring in 2002, 2005, 2007).   Constitutional claims brought under 42 U.S.C. § 1983 are tort-like actions, subject to the personal injury statute of limitations of the state where the action is brought; in Alabama, that statutory time period is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); Ala.Code § 6–2–38 (1975).

Plaintiff's assault and battery claim arises out of an incident alleged to have occurred in 2002. (Doc. # 4 at 2).  Plaintiff prosecuted her assault and battery claim shortly after the alleged assault.  (Doc. # 4 at 3).  Several days before her father's death in 2004, Plaintiff had her own name placed on joint accounts of her parents and transferred funds to her own account.  (*Nina*

9

*Morgan, Conservator for Lillian Perry v. Phyllis Lee*, Walker County Circuit Court Case No. CV-2007-32, Doc. # 48). The power of attorney Plaintiff used to transfer the funds was revoked shortly thereafter, and Plaintiff was removed as her Mother's guardian in 2005.  (*Id.*)  Plaintiff filed the present case in June 2014.  Because Plaintiff's claims are based on these long-ago events, most of Plaintiff's tort and § 1983 claims are time barred.

> **D.**     **Plaintiff's Amended Complaint Fails to State a Claim**

The court has carefully considered the claims in Plaintiff's Amended Complaint not otherwise disposed of above, together with Defendants' Motions and, based on its judicial experience, finds that the Amended Complaint does not satisfy the pleading standards set forth in *Twombly* and *Iqbal*.  (*See generally*, Doc. # 4).   Under *Twombly*, the factual allegations of a Complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." 550 U.S. at 555.  Plaintiff's claims simply do not rise above the speculative level and, where they do, they generally have already been the subject of state court litigation, the result of which displeases Plaintiff.

> **E.**     **Plaintiff's Claims are Likely Barred by the Doctrine of Judicial Estoppel**

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). In particular, this doctrine is intended to protect the integrity of the judicial system. *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). "Under this doctrine, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* (internal quotation marks omitted).

On February 23, 2015, in Walker County Circuit Court Case No. CV-2007-32, Plaintiff here (Defendant in that case), through her attorney, filed a Suggestion of Bankruptcy.  (Case No. CV-2007-32, Doc. # 106).   That notice was filed the same day as her bankruptcy petition. (Northern District of Alabama Bankruptcy Case No. 15-70263, Doc. # 1).   Interestingly, Plaintiff failed to disclose the existence of this case on Schedule B in her bankruptcy case, which requires disclosure of all "contingent and unliquidated claims of every nature."   (Case No. 15-70263, Doc. # 1 at 10).

The Eleventh Circuit "repeatedly has recognized that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding."   *Dunn v. Advanced Medical Specialties, Inc.,* 556 Fed.Appx. 785, 788 (11th Cir. 2014) (citing *Robinson v. Tyson Foods, Inc*., 595 F.3d 1269, 1272 (11th Cir. 2010); *Barger v. City of Cartersville*, 348 F.3d 1289, 1296–97 (11th Cir .2003); *De Leon v. Comcar Industries, Inc*., 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes*, 291 F.3d at 1285–88).   The filing of the Suggestion of Bankruptcy in the case pending against Plaintiff, considered in light of her failure to disclose this case on the bankruptcy schedules and make a similar disclosure in this case, weighs in favor of this court's *sua sponte* application of the doctrine of judicial estoppel to Plaintiff's claims in this case.   Therefore, for this additional reason, Plaintiff's claims in this case are due to be dismissed.

## IV.    Conclusion

For all of these reasons, Defendants' Motions to Dismiss (Docs. # 17, 20, 22 and 26) are due to be granted.   The claims asserted in Plaintiff's Amended Complaint against Defendants Nina Morgan, William A. Morgan, Charles Perry Morgan, Joe Hudson, Peter Wright, and

Charles Edward Perry[1] are due to be dismissed without prejudice.  The claims asserted in

Plaintiff's Amended Complaint against Judge Elliott are due to be dismissed with prejudice.

A separate order consistent with this opinion will be entered by the court.

**DONE** and **ORDERED** this April 30, 2015.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Perry has not moved to dismiss the claims asserted against him, or otherwise responded to the Amended Complaint.  However, the bases for the dismissal of the claims against the other defendants discussed above apply equally to the claims asserted against Defendant Perry.  In addition, the claims against him are due to be dismissed owing to Plaintiff's failure to prosecute or otherwise address his failure to respond to the Amended Complaint.